No. 25-2165

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

───────────────

STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW YORK; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF COLORADO; STATE OF HAWAI'I; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEVADA; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN; the DISTRICT OF COLUMBIA; and JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania,

*Plaintiffs-Appellees,*

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of U.S. Health and Human Services; CENTERS FOR MEDICARE AND MEDICAID SERVICES; MEHMET OZ, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services,

*Defendants-Appellants,*

───────────────

On Appeal from an Order of the United States District Court
for the District of Massachusetts (Talwani, J.) in No. 1:25-cv-12118-IT

───────────────

**SUPPLEMENTAL BRIEF**

───────────────

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................... 1

Argument .................................................................................................. 2

I. The *Planned Parenthood* Opinion Does Not Resolve the Merits of Plaintiffs' Distinct Spending Clause Challenge .................................. 2

II. The *Planned Parenthood* Opinion Does Not Resolve the Equitable Analysis Here ........................................................................................ 7

Conclusion ................................................................................................ 9

## INTRODUCTION

This Court has asked for supplemental briefing addressing the effect, if any, of the Court's intervening decision in *Planned Parenthood Federation of America, Inc. v. Kennedy*, No. 25-1698, 2025 WL 3563200 (1st Cir. Dec. 12, 2025), on the motion to stay pending appeal in this case. Contrary to defendants' contentions, that decision does not resolve the question of whether Section 71113 violates the Spending Clause. The question in this case turns on whether Section 71113 sets out conditions on Medicaid funding "unambiguously," so Plaintiff States can "accept them 'voluntarily and knowingly.'" *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006). The *Planned Parenthood* decision addressed the separate question of whether Section 71113 unconstitutionally conditioned funding on activity protected by the First Amendment.

In answering that distinct First Amendment question, this Court recognized that the term "affiliates" in Section 71113's definition of "prohibited entities" may bear different meanings and narrowed the understanding of the term here, in part through the canon of constitutional avoidance. But as courts have recognized, application of the canon of constitutional avoidance necessarily requires the existence of statutory ambiguity—the sort of ambiguity that is the crux of Plaintiff States' Spending Clause claim. This Court's decision about how best to read Section 71113 therefore does not resolve the separate question of whether

1

Congress satisfied its Spending Clause obligation to lay out funding requirements unambiguously. And even if *Planned Parenthood* could be read to foreclose the argument that the term "affiliates" is indeterminate, Section 71113's other provisions fail to provide clear notice to States of the entities that are "prohibited."

As an alternative to considering how the intervening *Planned Parenthood* decision affects the issues in this appeal, the Court could instead allow the district court to consider these new issues in the first instance to best serve interests in judicial economy. The Court could vacate the preliminary injunction and remand with instructions to the district court to consider the effect of the *Planned Parenthood* decision in the first instance. *See, e.g.*, *Gastronomical Workers Union Loc. 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.*, 617 F.3d 54, 66 (1st Cir. 2010) (vacating and remanding where intervening precedent meant that a district court "did not engage in the requisite analysis").

## ARGUMENT

### I. THE *PLANNED PARENTHOOD* OPINION DOES NOT RESOLVE THE MERITS OF PLAINTIFFS' DISTINCT SPENDING CLAUSE CHALLENGE

1. Defendants contend that the *Planned Parenthood* decision resolves the question of whether "Section 71113 delineates its requirements with sufficient clarity to satisfy the Spending Clause." Supp. Br. 1. But that overreads the Court's decision, which did not conduct any analysis under the Spending Clause. In *Planned Parenthood*, this Court concluded that the plaintiffs were unlikely to

succeed on the merits of their distinct claim that the definition of "affiliates" unconstitutionally conditions funding on First Amendment protected associational activity. In reaching that conclusion, the Court held that "the statute allows a definition of 'affiliates' that is unlikely to turn on any First Amendment protected activity" and concluded "as a matter of constitutional avoidance" that the term "affiliates" likely does not extend more broadly. *Planned Parenthood*, 2025 WL 3563200, at *8.

To be sure, the Court held after examining the text, structure, and context of the statute, that Congress likely "adopt[ed]" a "widely accepted legal definition[]" of the term that turns on corporate control. *Planned Parenthood*, 2025 WL 3563200, at *9 (internal quotation marks omitted). But the decision also acknowledged various arguments, including from the federal appellees, "that could support a broader definition of affiliates than [the Court] described." *Id.* at *10. The Court ultimately elected to "not credit a definition that would introduce constitutional difficulties." *Id.* Because a broader reading of the term "affiliates" would "risk unconstitutionally conditioning funds on protected expressive activity," *id.*, the Court interpreted the term narrowly "as a matter of constitutional avoidance," *id.* at *8.

Courts have held, however, that the canon of constitutional avoidance cannot remedy a clear notice defect under the Spending Clause. The doctrine of

3

constitutional avoidance "is a means of choosing between multiple possible meanings," and cannot be applied to clarify unconstitutionally ambiguous statutes that never provided clear notice to the States in the first instance. *Texas v. Yellen,* 105 F.4th 755, 766 n.3 (5th Cir. 2024). To apply the canon "would be to essentially reason that, given [the statute's] ambiguity," the Court "should interpret it to be unambiguous." *Id.*

At a minimum, the *Planned Parenthood* decision presents new questions about the relevance of the canon of constitutional avoidance to the clear notice requirement of the Spending Clause. The district court did not have the *Planned Parenthood* decision before it when it granted the preliminary injunction, nor had it heard any arguments about the new issues arising out of the decision. To promote the orderly resolution of issues, this Court could vacate the preliminary injunction and remand to the district court to consider the effect of *Planned Parenthood* in the first instance. *See, e.g.*, *Gastronomical Workers Union*, 617 F.3d at 66.

2. In any event, the *Planned Parenthood* decision did not address other indeterminacies contained in Section 71113 and its definition of "prohibited entities." For example, the decision did not address what is encompassed by the phrase "primarily engaged in family planning services, reproductive health, and related medical care." *See* Opp. 14-15. Defendants argue that "family planning services," "reproductive health," and "related medical care" have established

4

meanings in the context of Medicaid, Supp. Br. 6, but offer no concrete definition that governs those terms, or what would be "the relevant time period for assessing whether [a prohibited entity] was 'primarily engaged in'" such activities. *Kearney Reg'l Med. Ctr. v. U.S. Dep't of Health & Human Serv.*, 934 F.3d 812, 817 (8th Cir. 2019).

Likewise, the *Planned Parenthood* decision did not address how States are to calculate the "$800,000 Medicaid expenditure threshold." Defendants argue that the language clearly encompasses nationwide expenditures, Supp. Br. 5-6, but the statute covers "the total amount of Federal and State expenditures" with the potentially singular term *State* rather than plural *States*. Pub. L. 119-21, § 71113(b)(1), 139 Stat. 72, 300-01 (July 4, 2025). And Congress has never before required States to track or calculate other States' Medicaid reimbursements to providers. *See, e.g.*, D.Ct. Dkt. 62-6 ¶ 22 (discussing the fact that California has no "mechanism for tracking Medicaid payments made by other states to Medi-Cal providers").

Defendants fault the Plaintiff States for failing to identify any "actual ambiguity" in the way that States "have interpret[ed]" Section 71113. Supp. Br. 7. But as the record reflects, multiple administrators of state Medicaid programs have submitted sworn declarations stating that "the lack of clarity in the statutory text . . . make[s] it exceptionally challenging" to identify "prohibited entities" and

5

comply with Section 71113.  D.Ct. Dkt. 62-11 ¶ 8 (declaration from Illinois discussing difficulties in implementing Section 71113); *see also* D.Ct. Dkt. 62-15 ¶ 19 (declaration from Minnesota discussing difficulties in complying with the "vague" conditions in Section 71113); D.Ct. Dkt. 62-20 ¶ 22 (declaration from New York discussing the "struggle to identify impacted providers").  These ambiguities also have led to significant confusion from healthcare providers about the requirements of Section 71113, which the Plaintiff States have been unable to resolve given "the lack of clarity regarding the full scope of affected providers." D.Ct. Dkt. 62-6 ¶ 23 (declaration from California); *see also* D.Ct. Dkt. 62-10 ¶ 19 (declaration from Hawai'i); D.Ct. Dkt. 62-25 ¶ 21 (declaration from Pennsylvania). That confusion is further exacerbated by the "irreconcilable timing provisions" in Section 71113, where Plaintiff States were required to cease payments by July 4, 2025, to "prohibited entities" that could only be identified by their status on October 1, 2025.  Order 30; *see also* Opp. 15-16.

Defendants also suggest that Section 71113 is merely an "incremental change[]" to the Medicaid program which Plaintiff States reasonably could have anticipated.  *See* Supp. Br. 9.  That is wrong.  Defendants minimize the unprecedented nature and scope of Section 71113.  Over the "sixty-year history of Medicaid, States—not the federal government— have determined whether providers qualify for the Medicaid program."  Order 32.  With little and unclear

notice, Section 71113 requires Plaintiff States to make sweeping changes to their Medicaid programs and prohibit an unascertainable number of providers serving low-income patients from receiving reimbursements. That is nothing like the requirement that States return federal funds in an "individual case" where providers have been overpaid. Supp. Br. 10. Although "'legislative novelty' is not necessarily fatal" to Section 71113's constitutionality, "it raises a red flag" under the Spending Clause. *W. Va. by & through Morrisey v. U.S. Dep't of the Treasury*, 59 F.4th 1124, 1145 (11th Cir. 2023) (when considering funding conditions, a "'lack of historical precedent' often signals a 'severe constitutional problem'").

## II. THE *PLANNED PARENTHOOD* OPINION DOES NOT RESOLVE THE EQUITABLE ANALYSIS HERE

Defendants briefly assert that *Planned Parenthood* also resolves the equitable analysis in this case. Supp. Br. 13. However, this Court never addressed the equities in *Planned Parenthood* because it determined that the plaintiffs were unlikely to succeed on the merits of their claims. *Planned Parenthood*, 2025 WL 3563200 at *4-13.

In any event, the equitable considerations in this case differ from those presented in *Planned Parenthood*. Defendants have tasked States, not Planned Parenthood, with implementing Section 71113 and altering their Medicaid systems. Plaintiff States will have to absorb the significant costs arising from the sudden termination of federal funds to huge portions of States' longstanding healthcare

infrastructure that provide essential health services. *See* Opp. 20. Defendants would require Plaintiff States to overhaul their internal claims-processing infrastructure for Medicaid—even if it is later determined that Section 71113 is unlawful. And by "improperly 'surpris[ing] participating States . . . [and] dramatically chang[ing] the relationship between States and the federal government,'" Order 32, the statute intrudes on substantial sovereign interests. Section 71113 introduces sweeping and unprecedented new conditions on Medicaid funding—without clear notice—flouting the requirement that Congress grant due respect to States under our "system of federalism." *NFIB*, 567 U.S. at 577-578.

# CONCLUSION

The motion for a stay pending appeal should be denied. Alternatively, the Court could vacate the preliminary injunction and remand for the district court to consider the *Planned Parenthood* decision in the first instance.

Date: December 19, 2025

Respectfully Submitted,

**ANDREA JOY CAMPBELL**
*Attorney General*
Commonwealth of Massachusetts

*/s/ Allyson Slater*
ALLYSON SLATER
*Director, Reproductive Justice Unit*
MORGAN CARMEN
*Assistant Attorney General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2811
Allyson.slater@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

**ROB BONTA**
*Attorney General*
State of California

By: */s/ Cara M. Newlon*
SAMUEL T. HARBOURT
*Solicitor General*
HELEN H. HONG
*Principal Deputy Solicitor General*
CARA M. NEWLON (1221191)
*Deputy Solicitor General*
NELI PALMA
*Senior Assistant Attorney General*
KARLI EISENBERG (1219318)
*Supervising Deputy Attorney General*
ERICA CONNOLLY (1220259)
GILLIAN HANNAHS (1220331)
*Deputy Attorneys General*
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
(213) 269-6529
cara.newlon@doj.ca.gov
*Attorneys for Plaintiff State of California*

| | |
|---|---|
| **LETITIA JAMES**<br>Attorney General<br>State of New York<br><br>*/s/ Judith N. Vale*<br>BARBARA D. UNDERWOOD<br>*Solicitor General*<br>JUDITH N. VALE (1216034)<br>*Deputy Solicitor General*<br>GALEN SHERWIN<br>*Special Counsel for Reproductive Justice*<br>RABIA MUQADDAM (1190169)<br>*Chief Counsel for Federal Initiatives*<br>BLAIR J. GREENWALD (1220378)<br>*Assistant Solicitor General*<br>ANDRES IVAN NAVEDO<br>*Assistant Attorney General*<br>28 Liberty Street<br>New York, NY 10005<br>(212) 416-8020<br>*Attorneys for Plaintiff State of New York* | **WILLIAM TONG**<br>Attorney General<br>State of Connecticut<br><br>*/s/ Alma Nunley*<br>ALMA NUNLEY (1220038)<br>*Special Counsel for Reproductive Rights*<br>JANELLE R. MEDEIROS (1215681)<br>*Special Counsel for Civil Rights*<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Alma.Nunley@ct.gov<br>Janelle.Medeiros@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* |
| **KATHLEEN JENNINGS**<br>Attorney General<br>State of Delaware<br><br>By: */s/ Vanessa L. Kassab*<br>IAN R. LISTON<br>*Director of Impact Litigation*<br>JENNIFER KATE AARONSON<br>VANESSA L. KASSAB<br>*Deputy Attorneys General*<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>302-683-8803<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* | **PHILIP J. WEISER**<br>Attorney General<br>State of Colorado<br><br>*/s/ David Moskowitz*<br>DAVID MOSKOWITZ (1216053)<br>*Deputy Solicitor General*<br>Colorado Department of Law<br>Ralph L. Carr Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>David.Moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |

**BRIAN L. SCHWALB**
Attorney General
District of Columbia

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
*Solicitor General*
Office of the Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov
*Attorneys for Plaintiff District of Columbia*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Sarah A. Hunger*
SARAH A. HUNGER (1195404)
*Deputy Solicitor General*
Office of the Illinois Attorney General
115 S. Lasalle Street
Chicago, IL 60603
312-814-3000
Sarah.hunger@ilag.gov
*Attorneys for Plaintiff State of Illinois*

**ANNE E. LOPEZ**
Attorney General
State of Hawaiʻi

*/s/ Kalikoʻonālani D. Fernandes*
KALIKOʻONĀLANI D. FERNANDES
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

**AARON M. FREY**
Attorney General
State of Maine

*/s/ Thomas A. Knowlton*
THOMAS A. KNOWLTON
*Deputy Attorney General*
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800
thomas.a.knowlton@maine.gov
*Attorneys for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ James C. Luh*
JULIA DOYLE
*Solicitor General*
JAMES C. LUH
*Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.maryland.gov
*Attorneys for Plaintiff State of Maryland*


**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Elizabeth Kramer*
ELIZABETH KRAMER (1215538)
Solicitor General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1010
liz.kramer@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

**DANA NESSEL**
Attorney General
State of Michigan

*/s/ Kyla Barranco*
KYLA BARRANCO
NEIL GIOVANATTI (1215368)
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
BarrancoK@michigan.gov
GiovanattiN@michigan.gov
*Attorneys for Plaintiff State of Michigan*


**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Elizabeth R. Walsh*
ELIZABETH R. WALSH (1215673)
*Deputy Attorney General*
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Elizabeth.Walsh@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

| | |
|---|---|
| **RAÚL TORREZ**<br>Attorney General<br>State of New Mexico<br><br>*/s/ Amy Senier*<br>AMY SENIER (1134515)<br>*Senior Counsel*<br>New Mexico Department of Justice<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508<br>(505) 490-4060<br>asenier@nmdoj.gov<br>*Attorneys for Plaintiff State of New Mexico* | **AARON D. FORD**<br>Attorney General<br>State of Nevada<br><br>*/s/ Heidi Parry Stern*<br>HEIDI PARRY STERN (1215554)<br>*Solicitor General*<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |
| **JEFF JACKSON**<br>Attorney General<br>State of North Carolina<br><br>*/s/ Daniel P. Mosteller*<br>DANIEL P. MOSTELLER (1215539)<br>*Associate Deputy Attorney General*<br>North Carolina Department of Justice<br>PO Box 629<br>Raleigh, NC 27602<br>(919) 716-6026<br>dmosteller@ncdoj.gov<br>*Attorneys for Plaintiff State of North Carolina* | **DAN RAYFIELD**<br>Attorney General<br>State of Oregon<br><br>/s/ *Robert Koch*<br>ROBERT KOCH<br>*Attorney-in-Charge of Civil & Admin. Appeals*<br>1162 Court Street, NE<br>Salem, OR 97301<br>(503) 378-4402<br>robert.a.koch@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* |

**JOSH SHAPIRO,**
in his official capacity as Governor of the Commonwealth of Pennsylvania

*/s/ Michael J. Fischer*
MICHAEL J. FISCHER (1185506)
*Executive Deputy General Counsel*
JENNIFER SELBER
*General Counsel*
JONATHAN D. KOLTASH
*Deputy General Counsel for Healthcare*
AIMEE D. THOMSON
*Deputy General Counsel*
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov
*Attorneys for Plaintiff Governor Josh Shapiro*

**CHARITY R. CLARK**
Attorney General
State of Vermont

*/s/ Jonathan T. Rose*
JONATHAN T. ROSE
*Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov
*Attorneys for Plaintiff State of Vermont*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Sarah W. Rice*
SARAH W. RICE (1205724)
*Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2054
srice@riag.ri.gov
*Attorneys for the Plaintiff State of Rhode Island*

**NICHOLAS W. BROWN**
Attorney General
State of Washington

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES (1215542)
LAURYN K. FRAAS
WILLIAM MCGINTY
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Lauryn.Fraas@atg.wa.gov
William.McGinty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Faye B. Hipsman*
FAYE B. HIPSMAN
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-9487
faye.hipsman@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the page limit set by this Court's order of December 14, 2025, because it contains 9 pages. The brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(b) because the brief has been prepared in proportionally spaced typeface using Microsoft Word word-processing system in Times New Roman that is at least 14 points.

 Dated: December 19, 2025

                                               */s/ Cara M. Newlon*
                                               Cara M. Newlon
                                               Deputy Solicitor General

# CERTIFICATE OF SERVICE

I hereby certify that on this December 19, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: December 19, 2025

*/s/ Cara. M. Newlon*
Cara M. Newlon
Deputy Solicitor General