# United States Court of Appeals
## For the First Circuit

No. 25-2165

STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW YORK; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF COLORADO; STATE OF HAWAI'I; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEVADA; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN; the DISTRICT OF COLUMBIA; JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania,

Plaintiffs, Appellees,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY JR., in his official capacity as Secretary of the U.S. Department of Health and Human Services; CENTERS FOR MEDICARE AND MEDICAID SERVICES; DR. MEHMET OZ, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services,

Defendants, Appellants.

Before

Barron, <u>Chief Judge</u>,
Gelpí and Montecalvo, <u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: December 30, 2025


This motion for a stay pending appeal concerns a preliminary injunction of a Congressional enactment intended to prevent certain reproductive healthcare providers from receiving federal Medicaid funding. In practice, the law applies almost exclusively to the federation of healthcare

providers commonly known as Planned Parenthood.[1]  Twenty-one states and the District of Columbia (the "Plaintiff States") sued the Department of Health and Human Services and others (collectively, the "Federal Defendants") to block the law's enforcement, alleging that the law was an impermissible exercise of Congress's power under the Spending Clause of the United States Constitution.  U.S. Const., art. I, § 8, cl. 1.  The district court agreed and enjoined enforcement of the law in its entirety (the "Preliminary Injunction").  The Federal Defendants filed a notice of appeal and now have moved to stay the Preliminary Injunction pending the appeal.  For the following reasons, we grant the motion and stay the Preliminary Injunction.

At issue is Section 71113 of An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14, Pub. L. No. 119-21, § 71113 139 Stat. 72, 300-01 (July 4, 2025) ("Section 71113").  Section 71113 forbids, for one year, the expenditure of federal Medicaid dollars on reimbursements to "prohibited entities."  As we will explain, the meaning of prohibited entity is central to the Plaintiff States' claims here.  The statute defines a "prohibited entity" as: "an entity, including its affiliates, subsidiaries, successors, and clinics" that, as of October 1, 2025, (1) is a Section 501(c)(3) organization; (2) is an essential community provider as described in 45 C.F.R. § 156.235 that is "primarily engaged in family planning services, reproductive health, and related medical care;" (3) provides abortion services (other than certain medically necessary abortions); and (4) received more than $800,000 in federal and state Medicaid funding in fiscal year 2023.  Id. at § 71113(b)(1).

In practice, nearly every entity that falls within this proscribed category is a member of Planned Parenthood Federation of America ("PPFA"), and nearly every PPFA member appears to be a "prohibited entity."  In a separate suit filed in the district court, PPFA and several of its members sought and obtained an order preliminarily enjoining the law on the grounds that it constituted a Bill of Attainder and that it violated the First Amendment to the U.S. Constitution. See Planned Parenthood Fed'n of Am., Inc. v. Kennedy, 792 F. Supp. 3d 227, 240-41 (D. Mass. July 28, 2025) ("Planned Parenthood").  On December 12, we vacated the injunction issued in Planned Parenthood.  See Planned Parenthood Fed'n of Am., Inc. v. Kennedy, Nos. 25-1698, 25-1755, 2025 WL 3563200 (1st Cir. Dec. 12, 2025).  Litigation in Planned Parenthood continues in the district court.

Here, the Plaintiff States alleged that Section 71113 exceeds Congress's power under the Spending Clause.  The Federal Defendants, for their part, maintained that the statute did not.  The district court concluded that the Plaintiff States demonstrated that they were likely to succeed on their claim that Section 71113 violated the Spending Clause for two reasons.  First, the statute did not "furnish states with clear notice as to the meaning and application of Section 71113's criteria" for determining whether a provider qualified as a "prohibited entity." Second, the statute imposed an impermissible retroactive condition on Medicaid funding that states could not have anticipated by imposing the "prohibited entity" restriction after the Plaintiff States' Medicaid plans had been approved by the Centers for Medicare and Medicaid Services ("CMS").  The district court

---

[1] The group of entities typically referred to as "Planned Parenthood" is comprised of a national membership organization, Planned Parenthood Federation of America, and its forty-seven individual members.  See Planned Parenthood Fed'n of Am., Inc. v. Kennedy, Nos. 25-1698, 25-1755, 2025 WL 3563200, at *1 & n.1 (1st Cir. Dec. 12, 2025).

preliminarily enjoined Section 71113 in its entirety on these grounds. The Federal Defendants appealed and have requested that we stay the Preliminary Injunction pending appeal.[2]

The Federal Defendants bear the burden of showing that they are entitled to a stay of the Preliminary Injunction pending appeal. See Rhode Island v. Trump, 155 F.4th 35, 41 (1st Cir. 2025). The now-familiar Nken factors guide our analysis:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, 556 U.S. 418, 434 (2009) (citation omitted). The first two Nken factors "are the most critical." Id.

On appeal, the Federal Defendants argue that Section 71113 does not exceed Congress's power under the Spending Clause because Section 71113 defines prohibited entities with sufficient clarity, operates only prospectively, and is of a piece with routine adjustments to the terms on which Medicaid funding is made available to states. The Plaintiff States respond that the Federal Defendants have not made a strong showing that Section 71113 complies with the Spending Clause.

We conclude that the Federal Defendants have met their burden at this preliminary stage. With respect to the statute's use of the term "affiliates" in Section 71113, we addressed the meaning of that term in our order in Planned Parenthood, which we decided after the district court issued the Preliminary Injunction.[3] In that decision, we explained that, in context, the term is "best read" to incorporate the commonly understood "narrow construction . . . based on corporate control." Planned Parenthood, 2025 WL 3563200, at *9-10. The Federal Defendants have therefore made a strong showing, in this case, that the asserted ambiguity in that term likely fails to support the Preliminary Injunction.

We also are not, at this stage, persuaded that the asserted lack of clarity in Section 71113's remaining requirements -- that an entity is "primarily engaged in" providing certain types of healthcare and received more than $800,000 in Medicaid reimbursements in 2023 -- justifies enjoining the statute either. It may be that judicial intervention ultimately will be needed to determine whether the Plaintiff States or the Federal Defendants have the better reading of these requirements, as courts are called to do with some regularity in the Medicaid context. See, e.g., Massachusetts v. Sebelius, 638 F.3d 24, 29-30 (1st Cir. 2011) (interpreting Medicaid regulations); Massachusetts v. Sec'y of Health & Hum. Servs., 749 F.2d 89, 95 (1st Cir. 1984) (same). But the

---

[2] Below, the Federal Defendants argued that the Plaintiff States lacked standing -- an argument the district court rejected. We note that the Federal Defendants do not challenge the Plaintiff States' standing on appeal.

[3] In their Supplemental Brief filed on December 19, the Plaintiff States request that we vacate the Preliminary Injunction and remand to the district court for further consideration in light of our decision in Planned Parenthood. We decline to do so.

Federal Defendants have made a strong showing that any ambiguities in these requirements are unlikely to render Section 71113 unconstitutional under <u>Pennhurst State School & Hospital</u> v. <u>Halderman</u>, 451 U.S. 1, 17 (1981).  <u>See</u> <u>Bennett</u> v. <u>Ky. Dep't of Educ.</u>, 470 U.S. 656, 666 (1985) ("<u>Pennhurst</u> does not suggest that the Federal Government may recover misused federal funds only if every improper expenditure has been specifically identified.") (emphasis omitted).

Regarding Section 71113 allegedly violating the Spending Clause because it imposes an impermissible retroactive condition, the district court held that the statute did so because it applied to Plaintiff States' Medicaid plans that CMS already had approved.  As the Federal Defendants point out, however, the Plaintiff States did not themselves advance this ground for preliminarily enjoining Section 71113.  Moreover, we explained in <u>Mayhew</u> v. <u>Burwell</u>, 772 F.3d 80 (1st Cir. 2014), "[b]ecause Congress has reserved in the Medicaid Act the power to 'alter' or 'amend' the Medicaid program, states have had fair notice that Congress may make incremental changes" to Medicaid, <u>id</u>. at 93 (citing <u>Nat'l Fed'n of Indep. Bus.</u> v. <u>Sebelius</u>, 567 U.S. 519, 583 (2012)), and the Medicaid program contemplates that participating states may have to amend their plan to conform to federal law, even after they have been approved, <u>see, e.g.</u>, 42 C.F.R. § 430.12(c)(1)(i) (noting that "[t]he [State's Medicaid] plan must provide that it will be amended <u>whenever necessary</u> to reflect . . . [c]hanges in Federal law, regulations, policy interpretations, or court decisions" (emphasis added)).  Accordingly, we conclude that the Federal Defendants have made a strong showing that they are likely to succeed in demonstrating that this ground also likely does not support the Preliminary Injunction.

And to the extent the Plaintiff States raise a separate argument that Section 71113 was an impermissible "surprise" because the States could not have anticipated the changes imposed by Section 71113 when they each joined the Medicaid program in the first instance, "[t]he district court did not premise this preliminary injunction upon that basis, and so we may not sustain it on that basis." <u>Miller Brewing Co.</u> v. <u>Falstaff Brewing Corp.</u>, 655 F.2d 5, 9 (1st Cir. 1981).[4]

For all these reasons, the Federal Defendants have made a strong showing at this preliminary stage that they are likely to prevail on the merits.[5]  Accordingly, the motion for a stay pending appeal is <u>GRANTED</u>.  The administrative stay previously issued by this Court on December 8, 2025, is <u>VACATED</u>.  The American Center for Law & Justice's motion for leave to file an amicus brief is <u>DENIED</u> as moot without prejudice to refiling of a compliant motion and amicus brief during merits consideration.  <u>See, e.g.</u>, Fed. R. App. P. 29(a)(3), (5), (6).

---

[4] Nor do we see a basis to enjoin the entire statute because Section 71113 demanded compliance beginning on July 4, 2025, but defined "prohibited entities" by reference to their status on October 1, 2025.  The Plaintiff States have identified no reason why that relatively short-lived restriction justifies enjoining the entire statute.

[5] Regarding the rest of the <u>Nken</u> analysis, the second factor also weighs in favor of a stay. <u>See</u> <u>Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207</u> v. <u>Raimondo</u>, 18 F.4th 38, 47 (1st Cir. 2021) ("[A]ny time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (alterations in original) (quoting <u>Maryland</u> v. <u>King</u>, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers))).  Neither of the remaining <u>Nken</u> factors outweigh the first two, which are the "most critical." <u>Nken</u>, 556 U.S. at 434.

cc: Hon. Indira Talwani, Robert Farrell, Clerk, United States District Court for the District of MassachusettsDavid Moskowitz, Nora Q.E. Passamaneck, Neli Nima Palma, Karli Eisenberg, Erica Madeline Connolly, Gillian Hannahs, Cara Newlon, Rabia Muqaddam, Colleen K. Faherty, Judith N. Vale, Andres Ivan Navedo, Blair J. Greenwald, Galen L. Sherwin, Janelle Medeiros, Alma Rose Nunley, Vanessa L. Kassab, Ian R. Liston, Jennifer Kate Aaronson, Sarah Carroll, Caroline S. Van Zile, Nicole Suzanne Hill, David Dana Day, Kalikoonalani Diara Fernandes, Sarah A. Hunger, Caitlyn Gulia McEllis, Elizabeth Morris, Sarah Jeanne Gallo, Thomas A. Knowlton, Halliday Moncure, Aaron M. Frey, James C. Luh, Julia Doyle, Allyson T. Slater, Andrea J. Campbell, Morgan Blair Carmen, Neil Giovanatti, Kyla L. Barranco, Elizabeth C. Kramer, Katherine Bies, Heidi Parry Stern, Elizabeth R. Walsh, Jessica L. Palmer, Amy Senier, Daniel Paul Mosteller, Laura Howard, Marc David Brunton, Robert A. Koch, Christina L. Beatty-Walters, Kate Elizabeth Morrow, Michael J. Fischer, Aimee D. Thomson, Jonathan D. Koltash, Jennifer Selber, Peter F. Neronha, Sarah Rice, Dorothea Rose Calvano Young, Jonathan T. Rose, Andrew R.W. Hughes, William David McGinty, Lauryn K. Fraas, Faye B. Hipsman, Donald Campbell Lockhart, Daniel Tenny, Abraham R. George, Maxwell A. Baldi, Elisabeth Neylan, Elizabeth Themins Hedges, Nathan Jeremiah Moelker, Olivia F. Summers, Jordan A. Sekulow