IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

STATE OF CALIFORNIA, *et al.*,

*Plaintiff-Appellees,*

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, *et al.*,

*Defendants-Appellees.*

No. 25-2165

**MOTION TO PUBLISH ORDER GRANTING STAY PENDING APPEAL**

Pursuant to Local Rule 36.0(b)(2)(D), defendants respectfully move for publication of the Court's order filed on December 30, 2025, granting a stay pending appeal in this case. Plaintiffs oppose this motion.

**BACKGROUND**

In this case, a group of States sued to challenge Section 71113 of the Reconciliation Act of 2025, which prohibits certain entities that provide elective abortions from receiving federal Medicaid funds. Pub. L. No. 119-21, 139 Stat. 72, 300-01; *See* Order of the Court 2 (Dec. 30, 2025) (Stay Order). Plaintiffs alleged that Congress violated the Spending Clause in enacting Section 71113 because the provision

failed to provide clear notice of its requirements and constituted an unprecedented incursion on state authority, which States could not have anticipated when they opted in to Medicaid, *see* Dkt. 63. The district court granted a preliminary injunction facially enjoining enforcement of Section 71113 against plaintiffs. *California v. HHS*, No. 1:25-cv-12118, --- F. Supp. 3d ----, 2025 WL 3459579, at *22-23 (D. Mass. Dec. 2, 2025).

This Court stayed that order pending appeal, concluding that the "the Federal Defendants ha[d] made a strong showing at this preliminary stage that they are likely to prevail on the merits." Stay Order 4. This Court rejected plaintiffs' assertions of ambiguity. *Id.* at 3-4. While acknowledging that disputes over how to apply these requirements may "ultimately" require "judicial intervention," it held that "Federal Defendants have made a strong showing that any ambiguities in these requirements are unlikely to render Section 71113 unconstitutional." *Id.* (citation omitted).

This Court also rejected the district court's holding that Section 71113 was impermissibly retroactive because it "applied to Plaintiff States' Medicaid plans that CMS already had approved." Stay Order 4. "[B]ecause Congress has reserved in the Medicaid Act the power to 'alter' or 'amend' the Medicaid program, states have had fair notice that Congress may make incremental changes to Medicaid, and the Medicaid

program contemplates that participating states may have to amend their plan to conform to federal law, even after they have been approved." *Id.* (cleaned up). This Court thus concluded that "the Federal Defendants have made a strong showing that they are likely to succeed in demonstrating that this ground also likely does not support the Preliminary Injunction." *Id.* And this Court rejected plaintiffs' argument that the statute should be enjoined because "Section 71113 demanded compliance beginning on July 4, 2025, but defined 'prohibited entities' by reference to their status on October 1, 2025." *Id.* at 4 n.4.

On March 17, 2026, plaintiffs unilaterally dismissed their complaint. Notice of Voluntary Dismissal Without Prejudice, Dkt. 96 (Mar. 17, 2026); *see* Fed. R. Civ. P. 41(a)(1)(A)(i). Dismissing the action voided the preliminary injunction, *see National R.R. Passenger Corp. v. International Ass'n of Machinists & Aerospace Workers*, 915 F.2d 43, 48 (1st Cir. 1990), and mooted this appeal, *see In re Sundaram*, 9 F.4th 16, 21 (1st Cir. 2021). Defendants, therefore, moved to dismiss their appeal.

## ARGUMENT

This Court has a strong policy in favor of publishing the legal reasoning underlying its decisions. *See* 1st Cir. R. 36.0(a), (b)(1). Under this Court's Rules, an opinion should be published unless it "does not articulate a new rule of law, modify an

established rule, apply an established rule to novel facts or serve otherwise as a significant guide to future litigants." 1st Cir. R. 36.0(b)(1). The Court's decision granting a stay easily defeats the final two criteria permitting a decision to remain unpublished. The Stay Order clarifies the application of *Pennhurst State School & Hospital v. Halderman*, 451 U.S. 1 (1981), to Medicaid conditions. *See* Stay Order 3-4. It clarified the scope of Congress's authority to alter the Medicaid Program. *Id.* at 3. And it interpreted for the first time the permissibility of Section 71113's temporally contingent definition of prohibited entities. *See id.* at 4 n.4. Each of these analyses merit publication.

These issues may well recur in the future. While the funding restriction is set to lapse in a few months, Medicaid payments are regularly adjusted and readjusted months or even years after the services are initially provided. So, it still "may be that judicial intervention ultimately will be needed to determine" what precisely Section 71113 requires. Stay Order 3. Courts that must address such questions in the future would benefit from the publication of this Court's succinct and persuasive analysis. And publication is particularly important here because the Stay Order is not available as an unpublished decision on Westlaw or Lexis. Thus, without publication, the reasoning underlying the Stay Order may well be forgotten or overlooked. *Cf.* Donna Stienstra,

4

Fed. Jud. Ctr., *Unpublished Dispositions: Problems of Access and Use in the Courts of Appeals* 10-14 (1985) (describing risks of a "hidden law body of law" and lost precedent when dispositions are not published).

That the decision is labeled an "order" rather than an "opinion" does not pose a barrier to its publication. This Court frequently publishes orders resolving stay motions. *See, e.g.*, *American Hosp. Ass'n v. Kennedy*, 164 F.4th 28 (1st Cir. 2026) (denying stay pending appeal); *Rhode Island State Council of Churches v. Rollins*, 159 F.4th 68 (1st Cir. 2025) (denying administrative stay); *Victim Rts. L. Ctr. v. U.S. Dep't of Educ.*, 154 F.4th 5 (1st Cir. 2025) (granting stay pending appeal). Nor is this a short and unreasoned order; rather, it provides more than 1,700 words worth of analysis. Courts addressing similar issues in the future could benefit from publication of that cogent analysis.

## CONCLUSION

For the foregoing reasons, the Stay Order should be published.

Respectfully submitted,

DANIEL TENNY

/s/ *Maxwell A. Baldi*

MAXWELL A. BALDI
　Attorneys, Appellate Staff
　Civil Division, Room 7513
　U.S. Department of Justice
　950 Pennsylvania Ave., N.W.
　Washington, D.C.  20530
　maxwell.baldi@usdoj.gov

March 2026

6

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 915 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI